WILLIAM H. HUFFMAN, Respondent, v. WILLIAM BEEVER, Appellant, Impleaded with FREDRIKA BEEVER and WILLIAM T. LEWIS.

*Referee's report — further findings — further direction of judgment.*

When every fact likely to be material to the judgment, covered by the plaintiff's requests to find, is embodied in the referee's report besides being passed upon in response to requests to find, there is no occasion for a motion by the plaintiff for further findings, even if the practice affords that form of relief in any case.

When the report of a referee directs judgment according to the conclusions of law stated therein, the deficiencies or errors of the judgment so to be entered cannot be corrected before entry of judgment by an order for a further direction of judgment.

APPEAL by the defendant William Beever from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of Allegany county on the 24th day of February, 1893, upon the motion of the plaintiff, sending back a referee's report with directions to make further findings, and to prescribe the form of judgment to be entered against the defendant William Beever.

*William Spargur,* for the appellant.

*Rufus Scott,* for the respondent.

DWIGHT, P. J. :

We are at a loss to understand why this order should have been asked for. At the time of the submission of the case the plaintiff's attorney submitted to the referee a list of no less than fifty-one requests to find on matters of fact, and the referee has not only noted on the paper his disposition of each of such requests, finding as requested in all but three instances, but he has embodied such findings in his report to far greater extent than was at all necessary ; because many of such findings, while they may have been pertinent as matters of evidence, cannot have been material to support any judgment asked for by the plaintiff. We say " any judgment asked for," because the pleadings in the action are not before us and we do not know, except as we infer from the findings of the referee, what were the issues between the parties, nor what the judgment asked for in the complaint. But on a careful comparison of the report with the requests to find we are unable to discover any fact, likely to be material to the judgment, covered by the plaintiff's requests, which is not embodied in the report of the referee besides being passed upon in response to the requests to find. There was, therefore, clearly no occasion for a motion for further findings, even if, as contended, the practice affords that form of relief in any case.

But counsel for the plaintiff are especially tenacious of that part of the order appealed from, which directs the referee to prescribe the form of a judgment against the defendant William Beever ; and here again we deem the motion unnecessary and the order not to be upheld. The report of the referee, after finding with great fullness and particularity upon the matters of fact which we may suppose

were in issue between the parties, proceeds separately to find nine distinct conclusions of law and directs judgment accordingly — after providing for a dismissal of the complaint as to the defendant Lewis.

There can be no doubt about the effect of this direction. The judgment so directed is to be entered against both the defendants other than Lewis. It is judgment in accordance with the conclusions of law. Whatever matters are found as conclusions of law are to be *adjudged* by the judgment to be entered. This may be less than the plaintiff is entitled to — and it may be more — nevertheless it is the judgment which either party is entitled to enter and from which either party is at liberty to appeal. Its deficiencies or its errors cannot be corrected beforehand by an order for a further direction of judgment.

We are unable to discern any good ground for the order appealed from and are of opinion that it should be reversed and the motion denied.

LEWIS, MACOMBER and HAIGHT, JJ., concurred.

Order appealed from reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.